UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MORRIS CARTER,

    Plaintiff,

v.                                      Case No. 8:17-cv-1872-T-CPT

ANDREW M. SAUL,
Commissioner of
Social Security,[1]

    Defendant.
_____/

## **O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments. For the reasons discussed below, the Commissioner's decision is reversed.

I.

The Plaintiff was born in 1965, has a high school education, and has past relevant work experience as a pipe fitter, glass installer, maintenance repairer, and janitor. (R. 25). In December 2013, the Plaintiff applied for DIB and SSI, alleging disability as of December 1, 2012, due to high blood pressure and a broken neck from

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.

a car accident. (R. 16, 202-17, 239). The Social Security Administration denied his applications both initially and on reconsideration.

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on February 18, 2016. (R. 50-61). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. *Id*.

Following the hearing, the ALJ had the Plaintiff submit to physical and psychological consultative examinations conducted by Dr. Anand Rao (R. 796-804) and Dr. Sally Strader (R. 782-88), respectively. In addition, the ALJ sent two sets of interrogatories to a vocational expert (VE). The VE responded to these interrogatories on September 6 and December 21, 2016. (R. 306-09, 321-24). Plaintiff's counsel also posed several written questions to the VE, to which the VE responded on November 28, 2016. (R. 328-29).

In a decision dated April 5, 2017, the ALJ found that the Plaintiff: (1) was insured for DIB through December 31, 2017, and had not engaged in substantial gainful activity since his alleged onset date; (2) had the severe impairments of obesity, hypertension, muscle spasm, cervicalgia/cervical sprain/strain, and lumbago/lumbar sprain/strain; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform a limited range of light work,[2] insofar as he was able to "lift and/or carry 20 pounds occasionally, 10

---

[2] The Social Security Regulations (Regulations) define light work as involving lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. § 404.1567(b). A job in this category "requires a good deal of walking or

2

pounds frequently, stand and/or walk for 4 hours in an 8-hour workday, and sit for 4 hours in an 8-hour day," among other limitations; and (5) based upon the VE's testimony, could not perform his past relevant work but was capable of performing other jobs in significant numbers in the national economy—namely, the representative occupations of marker, ticket taker, and mail clerk. (R. 16-27). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 27).

The Appeals Council denied the Plaintiff's request for review. (R. 1-7). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

---

standing," or "sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* A "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983).

[3] Unless otherwise indicated, all citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

3

To determine whether a claimant is disabled, the Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4).[4] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given his RFC, age, education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on

---

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether he applied the correct legal standards. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). While the court accords deference to the Commissioner's factual findings, "no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

### III.

The Plaintiff raises four issues on appeal: (1) the ALJ's finding that he could perform the jobs of marker, ticket taker, and mail clerk is not supported by substantial evidence; (2) the ALJ failed to properly assess the opinion of the physical consultative examiner, Dr. Rao; (3) the hypothetical the ALJ posed to the VE was incomplete because it did not comprise all of the limitations that Dr. Rao opined the Plaintiff had; and (4) the ALJ failed to weigh the opinion of another consultative examiner, Dr. Ladapo Shyngle. (Doc. 23). The Commissioner counters each of the Plaintiff's

claims, arguing that no error occurred or that any error that did occur was harmless. *Id.*

Upon a thorough review of the record and the parties' submissions, the Court finds that the Plaintiff's first three claims of error have merit and that, when taken together, these errors cannot be considered harmless.

A.

As noted above, the ALJ found in his decision at step four that the Plaintiff had the RFC to engage in a limited range of light work, and at step five that he could perform the representative occupations of marker, ticket taker, and mail clerk. (R. 26). The ALJ further stated that he "determined that the [VE's] testimony is consistent with the information contained in the Dictionary of Occupational Titles." *Id.* The Commissioner concedes that this vocational finding by the ALJ was a mistake, as the VE testified that the three identified jobs would be available to an individual able to engage in a *full*, rather than a limited, range of light work with no other restrictions. (Doc. 23 at 17); *see also* (R. 322). Undeterred, the Commissioner posits the ALJ intended to or should have adopted the VE's answer that an individual with the Plaintiff's age, education, past work experience, and RFC (as determined by the ALJ) would be able to perform the jobs of shipping weigher and furniture retail clerk. (R. 307). In other words, the Commissioner claims that the ALJ's mistaken step-five finding amounts to nothing more than harmless error.

While it may be, as the Commissioner surmises, the ALJ intended to adopt the VE's response that the Plaintiff could work as a shipping weigher or furniture retail

clerk, such an assertion is based purely on speculation. Given that the burden lies with the Commissioner at step five, the Court lacks confidence that the ALJ fulfilled his duty to determine whether the VE's testimony was accurate, consistent with the DOT, and constituted substantial evidence upon which to make a disability determination. *See Washington*, 906 F.3d at 1359; *Sampson*, 694 F. App'x at 734; Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000)). This step-five error is compounded by problems with the ALJ's RFC finding as set forth below. As a result, the Court cannot agree that this error was harmless.

B.

The Court addresses Plaintiff's second and third arguments together because they both relate to Dr. Rao's opinion. As noted above, Dr. Rao conducted a consultative examination of the Plaintiff's physical abilities. Among other findings, Dr. Rao determined that the Plaintiff could stand for a total of two hours in an eight-hour workday and could walk for a total of two hours in an eight-hour workday. (R. 800). In his decision, the ALJ explicitly noted Dr. Rao's opinions regarding the Plaintiff's walking and standing limitations (R. 23), and gave them great weight because, in the ALJ's words, they were "consistent with [Dr. Rao's] own findings on examinations, the medical evidence of record, the claimant's daily activity[,] and the RFC" assessed by the ALJ. (R. 24-25).

As the Plaintiff points out, however, Dr. Rao's assessment that the Plaintiff could stand for two hours and walk for two hours in an eight-hour workday differs from the ALJ's RFC finding that the Plaintiff could "stand and/or walk" for four hours

a day. Indeed, by the Court's reading, the RFC the ALJ assessed allows that the Plaintiff could *walk* for four of eight hours a day—an ability Dr. Rao did not believe the Plaintiff possessed. On the record before it, the Court is unable to determine whether the ALJ's deviation from Dr. Rao's opinion was inadvertent, whether the ALJ instead believed that the four-hour "stand and/or walk" limitation fully incorporated Dr. Rao's opinion, or whether the ALJ actually intended to impose restrictions inconsistent with those determined by Dr. Rao. Given the lack of clarity on this matter, the Court finds remand necessary. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987) (providing that remand for clarification is necessary where the court cannot ascertain whether the ALJ followed the statutory requirements and related regulations).

The Commissioner's efforts to bolster the ALJ's RFC finding are unpersuasive. The Commissioner claims in this regard that the ALJ's finding "sufficiently accounted for the opinion of Dr. Rao" and is also consistent with the opinions of two state agency medical consultants of record, Drs. James Kelley and P.S. Krishnamurthy. (Doc. 17 at 19-20). While it is true that both Drs. Kelley and Krishnamurthy concluded the Plaintiff could stand and/or walk for four hours a day, their RFC assessments differed from the ALJ's in other respects. Both physicians opined, for example, that the Plaintiff could sit for up to six hours a day, could perform unlimited pushing and pulling, and could never climb ladders, ropes, or scaffolds (R. 87-88, 106-07)—limitations the ALJ did *not* adopt.

The fact that the ALJ also gave Drs. Kelley and Krishnamurthy's opinions "great weight" and found them "consistent" with his RFC determination creates additional confusion about what the ALJ intended. Rather than buttressing the ALJ's RFC assessment, the Commissioner's argument actually undermines the ALJ's step-four determination and further counsels in favor of remanding the matter for clarification.

In any event, regardless of the persuasiveness of the Commissioner's arguments, the Court must rely on what the ALJ said, not on a post-hoc rationalization tendered by the Commissioner on appeal. *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 871-72 (11th Cir. 2012) ("We cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

Because the RFC finding requires clarification with respect to the Plaintiff's ability to stand and walk, the Plaintiff's related contention as to the completeness of the hypothetical question posed to the VE similarly compels remand. It is well established in this regard that, when employing a VE, the ALJ must formulate hypothetical questions which include all of the claimant's impairments and limitations. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007); *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing *Jones*, 190 F.3d at 1229). Where the hypothetical question posed to a VE does not comprehensively describe all of the claimant's impairments and restrictions, an ALJ's decision based significantly on the VE's testimony is unsupported by substantial evidence. *Pendley v. Heckler*, 767

F.2d 1561, 1562-63 (11th Cir. 1985) (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)). If the ALJ properly rejects purported impairments or limitations, however, he need not include those impairments or limitations in the hypothetical presented to the VE. *Crawford*, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported").

Here, as previously explained, it is unclear what standing and walking restrictions the ALJ believed the Plaintiff required. As a result, the hypothetical questions posed to the VE, upon which the ALJ relied in making his decision, may not have adequately accounted for all of the Plaintiff's limitations.

C.

In light of the above, the Court need not address the Plaintiff's remaining claim of error regarding the weight afforded to Dr. Shyngle's opinion. *See Demench v. Sec'y of Dep't of Health and Human Servs.,* 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings). The Court notes, however, that—as conceded by the Commissioner—the ALJ did not state the weight granted to Dr. Shyngle's assessment. Although such an error could be construed as harmless, on remand, the Commissioner should reassess the record, state with particularity the weight given to each doctor's medical opinion, and the reasons

therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting 20 C.F.R. § 404.1527(a)(2)).

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order.

2. The Clerk is directed to enter Judgment in favor of the Plaintiff and to close the case.

3. The Court reserves jurisdiction on the matter of attorney's fees and costs pending further motion.

DONE and ORDERED in Tampa, Florida, this 19th day of August 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record